U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 16 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| EDWARD STANLEY, SR.<br>No. 84121-012<br>VS.<br><br>FREDRICK MENIFEE, WARDEN | CIVIL ACTION NO. 06-0712<br><br>SECTION P<br>JUDGE DRELL<br>MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed on April 27, 2006 by *pro se* petitioner Edward Stanley, Sr. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the United States Penitentiary, Pollock, Louisiana (USPP) where he is serving life without parole following his 1997 conviction on a charge of conspiracy to commit interstate murder-for-hire resulting in death (18 U.S.C. §1958) in the United States District Court for the Central District of California.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

## STATEMENT OF THE CASE

On or about September 17, 1997, petitioner pled guilty to a charge of conspiracy to commit interstate murder-for-hire resulting in death (18 U.S.C. §1958) in the United States

District Court for the Central District of California. On December 2, 1997 he was sentenced to serve life without parole. See <u>United States of America v. Edward Stanley</u>, No. 2:96-cr-1140 (United States District Court, Central District of California) at docs. 509 and 601.[1]

The plea was a conditional plea and petitioner was allowed to appeal the denial of his Motion to Suppress to the United States Ninth Circuit Court of Appeals. On July 28, 2000 the appeals court affirmed petitioner's conviction. <u>United States of America v. Daniel Ray Bennett, Edward Stanley, et al.</u>, 219 F.3d. 1117 (9th Cir. 2000). His petition for certiorari was denied by the United States Supreme Court on February 20, 2001. <u>Edward Stanley v. United States</u>, 531 U.S. 1153, 121 S.Ct. 1099, 148 L.Ed.2d 971 (2001).

On January 31, 2002 petitioner filed a Motion to Vacate Sentence pursuant to 28 U.S.C. §2255 in the United States District Court for the Central District of California. He argued that the government's failure to turn over exculpatory evidence prevented him from fully litigating issues concerning his motion to suppress and prevented him from fully evaluating his

---

[1] The government had notified petitioner of its intention to seek the death penalty, but apparently withdrew that notice in return for petitioner's plea. See Docket Sheet, <u>U.S.A. v. Stanley</u>, 2:96-cr-1140, Disposition, "It is the judgment of the court that the [defendant] is hereby [committed] on [count] 1 of the first count [superceding indictment] to the [custody] of the BOP to be [imprisoned] for a term of life [without the possibility of release]. ... On the motion of [the government], the [notice] of intent to seek death penalty is [withdrawn]."

entrapment defense all of which ultimately resulted in an involuntary guilty plea. On October 17, 2002 his §2255 Motion was dismissed. See United States of America v. Edward Stanley, 2:02-cv-0976 (United States District Court, Central District of California), at docs. 1 and 3.

The Ninth Circuit granted a Certificate of Appealability and on May 18, 2004 affirmed the judgment of the District Court. The court noted, "Stanley contends that his guilty plea was not knowing and voluntary because the government withheld exculpatory information under Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). However, there is not a reasonable probability under an objective standard that, but for the newly discovered evidence about the government's informant, Stanley 'would have refused to plead and would have gone to trial,' [citation omitted] because the newly discovered information was cumulative of information Stanley knew at the time of his plea." United States v. Stanley, 97 Fed. Appx. 180, 2004 WL 1116919 (9th Cir. 5/18/2004)(unpublished).

Petitioner filed his federal *habeas corpus* petition on April 27, 2006. He argues that his trial, appeals, and post-conviction counsel rendered ineffective assistance when he failed to raise arguments based upon a 1999 United States Supreme Court decision, Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed. 311 (1999). [doc. 1-1, pp. 3-7] He claims that because counsel

failed to litigate these issues on "...direct appeal, on petition for writ of certiorari, and on Mr. Stanley's initial §2255 motion ... [he] is procedurally barred from raising this issue by way of a second or successive motion pursuant to §2255." [doc. 1-1, p. 7] He also claims that he is actually innocent of the crime for which he was sentenced because an element of the offense, the murder of the victim, was never presented to a jury or admitted to by the petitioner at his guilty plea. [*id.*, pp. 10-11]

## LAW AND ANALYSIS

The initial inquiry is whether or not petitioner's claim may be properly raised in a § 2241 *habeas corpus* petition. Section 2241 is generally used to challenge the <u>manner</u> in which a sentence is executed. See <u>Warren v. Miles</u>, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, 28 U.S.C. §2255, provides the process which allows federal inmates to collaterally attack the legality of their convictions or sentences. See <u>Cox v. Warden, Fed. Det. Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir.1990).

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the § 2255 "savings clause." See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A

prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner attacks the legality of his conviction for conspiracy to commit interstate murder-for-hire resulting in death in violation of 18 U.S.C. §1958, and the legality of the life sentence imposed following his conviction. Such claims are more properly raised in a Motion to Vacate filed pursuant to §2255. Therefore petitioner may bring this *habeas* action only if he can demonstrate that §2255's remedy is "inadequate or ineffective to test the legality of his detention." In order to proceed under §2255's "savings clause" he must establish that:

(1) his claim is based on a retroactively applicable <u>Supreme Court</u> decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first §2255 motion. <u>Reyes-Requena</u>, 243 F.3d at 904.

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense.[2] Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or first Motion to Vacate. Instead, he argues that the ineffective assistance of counsel was the "cause" of his admitted default. However, ineffective assistance of appellate or post-conviction counsel does not authorize petitioner to proceed under the "savings clause." Therefore, his petition for writ of *habeas corpus* must be dismissed.

Accordingly,

**IT IS RECOMMENDED THAT** petitioner's Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and

---

[2] Petitioner cannot rely on <u>Jones v. United States</u>, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed. 311 (1999) since that decision was rendered before petitioner completed the direct appeal process and well before the date petitioner filed his first §2255 Motion.

Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 16th day of June, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE